IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH HARRIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-10-814-M |
| | ) | |
| THE LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Kenneth Harris, an individual, by and through his attorney of record, Miles L. Mitzner, and for his complaint against The Lincoln National Life Insurance Company, an Indiana corporation, alleges and states as follows:

## NATURE OF COMPLAINT

1. This action is brought by Plaintiff pursuant to the Employee Retirement Income Security Act (hereinafter "ERISA" or "The Act"). 29 U.S.C §§1001-1461.

## PARTIES

2. Plaintiff is an individual, residing in Wayne, McClain County, Oklahoma, and was an employee of an employer who participated in a Long Term Disability Plan under the Act with Defendant (The Plan), and was a qualified participant in the Plan, which is an employee welfare benefit plan within the terms of 29 U.S.C. §1002.

3. Defendant is an Indiana corporation, having a principal place of business in Omaha, Nebraska, and doing business in Oklahoma City, Oklahoma County, McLain County, Oklahoma.

## JURISDICTION AND VENUE

4. Paragraphs one through three are incorporated herein by reference.

5. This is an action arising under the laws of the United States, specifically 29 U.S.C. §1132(a)(3). This Court has original jurisdiction of this action pursuant to 29 U.S.C §1132(e)(1) and 28 U.S.C. §1331.

6. Defendant is subject to the exercise of personal jurisdiction by this Court because it is serviceable in the State of Oklahoma, it has established sufficient "minimum contacts" with the State of Oklahoma and it has purposely availed itself of the benefits and privileges of Oklahoma law. Fed. R. Civ. P. 4(k)(1)(a); 12 O.S. §2004; *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 289, 295 (1980).

7. This Court is a proper venue for this action pursuant to 29 U.S.C §1132(e)(2) and 28 U.S.C. §1391.

## JURY REQUEST

8. Plaintiff requests a trial by jury on all issues so triable.

## BACKGROUND

9. Paragraphs one through eight are incorporated herein by reference.

10. Plaintiff was employed by an Oklahoma Company insured by Defendant. In the course of performing his duties he became disabled. Plaintiff interacted with

customers, managed purchases, sales and placement of orders in his job as a salesman.

11. Plaintiff has been unable to return to the work for which he is suited, formerly performed or any other work that exists in substantial numbers in the United States economy as that term is defined in the Dictionary of Occupational Tiles, because of his impairments.

12. Plaintiff's physicians have given medical source statements of Plaintiff's condition which reflect that he cannot and should not work.

13. The administration and operation of the Plan of which Plaintiff is a participant is performed by Defendant (designated as the "Plan Administrator" and as the "Claim Manager").  Defendant is an administrator and fiduciary of the Plan under 29 U.S.C §1002.

14. The Plan requires Defendant to provide long term disability benefits to Plan participants who are disabled.

15. A Plan participant is "disabled" under the terms of the Plan if "because of Injury or Sickness, [the participant is] unable to perform the material duties of [the participant's] regular occupation, and solely due to Injury or Sickness, [the participant is] unable to earn more than 80% of his Indexed Covered Earnings; and after Disability Benefits have been payable for 24 months, [the participant] is unable to perform the material duties of any occupation for which [the participant] may reasonably become qualified based on education, training or experience, and solely due to Injury or Sickness, [the Participant] is unable to earn more than 60%

of his Indexed Covered Earnings.

## COUNT I

16. Paragraphs one through fifteen are incorporated herein by reference.

17. The Plan of which Plaintiff is a participant requires Defendant to provide Plaintiff with long term disability benefits because he is disabled within the meaning of the Plan.

18. Plaintiff's impairments, cumulatively, have rendered Plaintiff unable to perform the material duties of his past work and he is unable to earn 80% or more of his Indexed Covered Earnings under the meaning of the Plan.

19. Plaintiff's impairments, cumulatively, have rendered Plaintiff unable to perform the material duties of any occupation for which he is or may reasonably become qualified and unable to earn 60% or more of his Indexed Covered Earnings under the meaning of the Plan.

20. Plaintiff timely and properly took all necessary measures in filing his claim for benefits and in filing all appeals from the denial of that claim.

21. Throughout his claims and appeals processes, Plaintiff satisfied all conditions prerequisite to his receiving long term disability benefits under the Plan, including the provision of "satisfactory proof of Disability."

22. On or about the twenty-fourth (24th) day of May, 2010, Defendant erroneously denied Plaintiff's final appeal from Defendants previous denial of Plaintiff's claim for long term disability benefits. Plaintiff was required to file an appeal of his case within 180 days of such denial.

23. Defendant's denials of Plaintiff's claim for benefits were made arbitrarily, capriciously and in bad faith, unsupported by substantial evidence, erroneous as a matter of law and, thus, a violation of ERISA.

24. Plaintiff has exhausted all administrative remedies available to him under the Plan.

25. Defendant has failed to provide to Plaintiff the benefits for which he is qualified under the Plan. Defendant's failure constitutes a breach of the terms of the Plan and a violation of ERISA.

26. Defendant has failed to provide Plaintiff with the opportunity for a full and fair review of his claim to which he is entitled under 29 U.S.C §1133 and 29 C.F.R. §2560.502-1(h)(1).

**WHEREFORE**, premises considered, Plaintiff prays that this Court declare as follows:

1. That Plaintiff is entitled to in excess of $100,000.00 in damages as a result of Defendants failure to provide to Plaintiff the long term disability benefits to which Plaintiff is entitled.

2. That Defendant should be enjoined from withholding benefits to which Plaintiff is entitled.

3. That Plaintiff is owed, by Defendant, Plaintiff's attorney fees and costs for having to resort to litigation to enforce the benefits due him under the Plan.

4. That Plaintiff is entitled to such other relief as this Court deems just and proper.

**ATTORNEYS LIEN CLAIMED**

                                                 Respectfully submitted,

Date:  July 28, 2010            s/  Miles L. Mitzner
                                                 Miles L. Mitzner,   OBA #12144
                                                 s/Jon McLanahan
                                                 Jon McLanahan,   OBA #12777
                                                 MITZNERLAW
                                                 PO Box 5700
                                                 Edmond, OK 73083
                                                 (405)348-3400 fax (405)348-3300
                                                 miles@mitzner.com
                                                 ATTORNEYS FOR PLAINTIFF